FRANK W. HALL *et al.*, plaintiffs in error, *vs.* WIER BOYD *et al.*, defendants in error.

1. Where property is levied on under an execution from the circuit court of the United States, and subsequently by process from a state court, and advertised for sale on the same day under both levies, the sale under the last levy will be enjoined.

2. Where a bill was filed to enjoin a sale under an execution from a state court upon the ground that it had been previously levied on under process from the circuit court of the United States, and the same was sanctioned, and after the sale under the latter process a motion was made to dissolve the injunction, the defendants setting up, by way of cross-bill, that the sale was void, and the motion was allowed :

*Held*, that such ruling was error, for if the levy under the process from the state court be allowed to proceed, the purchaser at the sale will be compelled to interpose his claim and litigate in the common law court, at the same time that his title would be in litigation in the court of equity, which would be unjust and vexatious.

Injunction. Execution. United States Court. Multiplicity of suits. Before Judge KNIGHT. Lumpkin county. At chambers. May, 1874.

For the facts of this case, see the decision.

W. P. PRICE, for plaintiffs in error.

WIER BOYD; C. D. PHILLIPS; HILLYER & BROTHER, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that an execution issuing from the circuit court of the United States had been levied on certain lands as the property of the defendant there-

in by the United States marshal, and advertised for sale in the city of Atlanta, on the first Tuesday in August, 1873. It also appears that two executions issuing from the state court against the same defendant, of younger date than the federal court *fi. fa.*, were levied on the same property by the sheriff and advertised for sale at Dahlonega, on the first Tuesday in August, 1873 ; the last levy by the sheriff on the property was made subsequent to the levy thereon by the United States marshal. The complainants filed their bill praying for an injunction to restrain the plaintiffs in the state *fi. fas.* from proceeding to sell the property on the same day under the levy made by the sheriff thereon, subsequent to the seizure of the property by the United States marshal under process from the federal court. The injunction prayed for was granted, and property was sold by the marshal under the federal court *fi. fa.* After the sale of the property the defendants in the bill answered the same, and moved the court for a dissolution of the injunction, which was granted by the court, and the complainants excepted.

The defendants, in their answer in the nature of a cross-bill, allege that the sale of the property by the marshal was illegal and void, and pray that the same be set aside. In our judgment the court below erred in dissolving the injunction restraining the sale of the property under the levy made by the sheriff on the state court *fi. fas.* First, because, at the time that levy was made the same property had previously been seized by the United States marshal under judicial process issuing from another court having and exercising a different and distinct jurisdiction. Second, because, after the property had been sold under that judicial process, the defendants, in their answer in the nature of a cross-bill, pray for a decree, on the allegations made therein, to have that sale set aside. If the sale under the levy made by the sheriff shall be allowed to proceed, the purchaser at the marshal's sale will be compelled to interpose his claim to the property and litigate the title in the common law court, and at the same time be compelled to litigate the title to the same property in a court of

equity, which would be unjust and vexatious. The injunction should have been retained so far as to restrain the sale of the property under the levy made by the sheriff of Lumpkin county.

Let the judgment of the court below be reversed.